UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KAWAIISU TRIBE OF TEJON, *et al.*, | 1:09-CV-01977-OWW-SMS |
|---|---|
| Plaintiffs, | ORDER RE: DEFENDANTS' MOTIONS TO DISMISS (Docs. 7, 9, 10, 53) |
| v. | |
| UNITED STATES DEPARTMENT OF INTERIOR, *et al*, | |
| Defendants. | |

On November 10, 2009, Plaintiff David Laughing Horse Robinson brought this civil action against the United States Department of the Interior, Kern County, and Tejon Mountain Village, LLC.[1] The substance of the pro se complaint is that the Department of the Interior made several "administrative oversights" concerning the designation of real property located in Kern County, which is targeted for development by Tejon Mountain Village, LLC. According to the pro se complaint, the parcel was omitted from Kawaiisu Tribe of Tejon's list of trust lands and "immediate action" is necessary

---

[1] According to the complaint, Plaintiff is the elected chairperson of the Kawaiisu Tribe of Tejon.

**1**

to curb this "massive development." Among other forms of relief, the complaint seeks an injunction prohibiting development of the parcel, formal recognition of the Kawaiisu Tribe of Tejon, and an Order designating the parcel as "Indian Country."

Defendants the United States Department of the Interior, Kern County and Tejon Mountain Village, LLC have separately moved to dismiss the complaint in its entirety. The hearing on the motions is currently set for July 12, 2010.

On June 28, 2010, Plaintiffs, now represented by counsel, opposed the motion. Plaintiffs' counsel, Mr. Bruce A. Ray, acknowledged that the initial pleading was deficient and requested an extension of time to file an amended complaint:

> The Defendants have moved to dismiss the complaint on various grounds, principally attacking Mr. Robinson's right to represent the Plaintiffs. That ground becomes moot as I, and my co-counsel, have entered appearances, and are fully qualified to represent the Plaintiffs.
>
> Without conceding any particular point raised by Defendants, Plaintiffs do concede that the complaint needs to be Amended so that it better presents their claims.
>
> Plaintiffs believe that seeking this leave to amend the complaint will save the Court and its staff significant time, allow the Plaintiffs to present their case so that it is more intelligible, and will allow a more focused approach in the motions to dismiss which are sure to follow.
>
> As more particularly appears in the Declaration of Bruce A. Ray, submitted herewith: the Plaintiffs have substantial claims herein that encompass much of the history of California and the United States. To adequately prepare an amended complaint, counsel must finish the organization and review of more than forty boxes of Plaintiff's documents, of which less than half have been completed.

(Doc. 62, pgs. 1-2.)

For purposes of judicial efficiency and based on Mr. Ray's

representations, Plaintiffs have until August 15, 2010, in which to submit a proposed amended complaint that conforms to Rule 8 of the Federal Rules of Civil Procedure.[2]  In the amended complaint, Plaintiffs must detail the rights violated, exactly what each Defendant did or failed to do, how the action or inaction of that Defendant is connected to each violation, and the specific injury suffered because of the Defendants' conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The motion hearing currently set for June 12, 2010 at 10:00 a.m. is VACATED.[3]  Any amended complaint shall be filed by August 15, 2010 and conform with Rules 8 and 11 of the Federal Rules of Civil Procedure.  Responses to the amended complaint shall be filed within twenty days thereof.

IT IS SO ORDERED.

**Dated:   July 6, 2010**                              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[2] Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

[3] For the same reasons, Mr. Robinson's "Request for Hearing as to Fourth Claim CEQA Noncompliance Pursuant to 21167.4(a)" is MOOT. The motion, Doc. 34, was filed on February 5, 2010, before Plaintiffs retained counsel.