EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ANGELA SIERRA, State Bar No. 126374
Supervising Deputy Attorney General
MICHAEL L. NEWMAN, State Bar No. 222993
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 897-2642
  Fax:  (213) 897-7605
  E-mail:  Michael.Newman@doj.ca.gov
*Attorneys for Defendant Larry Myers*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAWAIISU TRIBE OF TEJON and DAVID LAUGHING HORSE ROBINSON, Chairman, Kawaiisu Tribe of Tejon,**<br><br>Plaintiff,<br><br>v.<br><br>**KEN SALAZAR, in his official capacity as Secretary of the United States Department of Interior, LARRY MYERS, in his official capacity as Executive Secretary of the California Native American Heritage Commission, COUNTY OF KERN, CALIFORNIA,**<br><br>Defendants,<br><br>**TEJON MOUNTAIN VILLAGE, LLC.,**<br><br>Real Party in Interest. | Case No. 1:2009 CV 01977 OWW SMS<br><br>**DEFENDANT LARRY MYERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>**Federal Rule of Civil Procedure 12(b)(1).**<br><br>Date:         January 24, 2011<br>Time:        10:00 a.m.<br>Courtroom: 3<br>Judge         The Honorable Oliver W. Wanger<br>Trial Date:   unassigned<br>Action Filed:  November 10, 2009 |

Defendant Larry Myers ("Myers"), who plaintiffs state they are suing in Myers' "official capacity as Executive Secretary of the California Native American Heritage Commission," respectfully submits this Memorandum of Points and Authorities in support of his Motion to Dismiss all claims pled against him in the Plaintiffs' Amended Complaint.

1

# INTRODUCTION

By their suit, the Plaintiffs seek redress against the California Native American Heritage Commission ("the Commission"), purportedly through its Executive Secretary, for having been excluded from a list of Native American Contacts pertinent to a real estate development in the County of Kern, California. Because the Plaintiffs have not, and cannot, allege facts sufficient to establish this Court's subject matter jurisdiction over their claims, Myers requests that this Court dismiss the Plaintiffs' Amended Complaint, as to Myers, in whole.

# OVERVIEW OF CALIFORNIA'S STATUTORY SCHEME AT ISSUE

California Public Resources Code section 5097.9 et seq. forms the core of California's statutory scheme for protecting Native American historical, sacred, and cultural resources ("Cultural Resources"). The Commission has the authority to "identify and catalog places of special religious or social significance to Native Americans, and known graves and cemeteries of Native Americans on private lands." Cal. Pub. Res. Code § 5097.94(a). With regard to public lands, the legislature authorized the Commission to prepare "an inventory of Native American sacred places." Cal. Pub. Res. Code § 5097.96. Based on the Commission's inventory of Cultural Resources, the Commission is required to "notify landowners on whose property such graves and cemeteries are determined to exist, and shall identify the Native American group most likely descended from those Native Americans who may be interred on the property." Cal. Pub. Res. Code § 5097.94(a). The Commission maintains a database of sacred sites, called the "Sacred Lands File." This database includes sites in California on which Cultural Resources are known or believed to exist based on documentation submitted to the Commission or reports regarding archaeological discoveries. Affidavit of Larry Myers ("Myers Aff."), ¶ 1; Request for Judicial Notice ("Req. J.N."), ¶ 1.

Where, as in the instant case, a "lead agency," for the purpose of complying with the requirements of the California Environmental Quality Act ("CEQA"), inquires with the Commission regarding Cultural Resources on a particular project property, the Commission conducts a search of the "Sacred Lands File" to determine whether any Cultural Resources are identified as being within a proposed project's scope of impact. Myers Aff., ¶ 2; Req. J.N., ¶ 2;

*see* Cal. Pub. Res. Code § 21080.3; Cal. Code Regs. tit. 14, § 15063(g). Where, as here, no Cultural Resources are identified within the Sacred Lands File as being impacted by a proposed project, the Commission provides the "lead agency," in this case, the County of Kern, a list of contacts who may have more specific knowledge regarding Native American Cultural Resources in the geographic area of the proposed project. Myers Aff., ¶ 3; Req. J.N., ¶ 3. This list is commonly-referred to as the "Native American Contacts list" for the particular project in question. *Id*. Because different projects impact different aboriginal territories and aboriginal territories usually do not conform to current political boundaries, such as county lines, a unique list is generated for each project submitted to the Commission. *Id*. It is this list of contacts, which is misconstrued by the Plaintiffs as a list of "Most Likely Descendants," that forms the basis of the Plaintiffs' claims against Myers.[1]

## STATEMENT OF FACTS

**A.     Facts Alleged in the Plaintiffs' Amended Complaint.**

Plaintiff Kawaiisu Tribe of Tejon ("the Tribe") alleges that it is the governing entity of the Kawaiisu Tribe of Tejon Indians. Plaintiffs' Amended Complaint ("Am. Cmplt."), Docket No. 71, ¶ 2. Plaintiff David Laughing Horse Robinson ("Robinson") alleges that he is the chairman of the Tribe and represents the members of the Tribe in this litigation. Am. Cmplt., Docket No. 71, ¶ 1. The Plaintiffs name Myers "in his official capacity as Executive Secretary of The California Native American Heritage Commission," as a new defendant in the Amended Complaint, alleging that "[t]he allegations in this controversy directly relate to the actions of the NAHC and therefore they should properly be joined." Am. Cmplt., Docket No. 71, ¶ 6.

With regard to Defendant Myers, the Plaintiffs essentially assert one general factual claim, namely, that they were not included on the Native American Contacts list provided by the Commission to the County on or about July 13, 2009, in response to the County's inquiry

---

[1] A different, actual determination of "Most Likely Descendants" is only made by the Commission where a county coroner makes a determination that Native American remains have been disinterred, and the designated "Most Likely Descendant" would have various rights and responsibilities with regard to the disposition and treatment of the disinterred remains. *See* Cal. Pub. Res. Code § 5097.98. As there is no claim pending that any remains were disinterred, this statutory provision is not implicated in the instant matter.

regarding Native American Cultural Resources within the boundaries of a proposed project development pursued by Real Party In Interest Tejon Mountain Village, LLC.  Am. Cmplt., Docket No. 71, ¶ 29, 32.   The Plaintiffs allege that "there are over 50 pre-historic village sites, numerous graves, and other sacred sites directly related to the Tribe" within the property at issue. Am. Cmplt., Docket No. 71, ¶ 30.

The Plaintiffs allege that, as a result of being left off the Native American Contact list provided to the County by the Commission, they were not "contacted by the County for consultation on the project's potential impact on sacred, archeological, and historical sites."  Am. Cmplt., Docket No. 71, ¶ 32.  However, the Plaintiffs concede in their Amended Complaint that they were actually involved in the public comment process for the project and, in fact, they "submitted timely written and oral comments to County, objecting to and commenting on the Project on a variety of grounds before the final public hearing." Am. Cmplt., Docket No. 71, ¶ 36.

The Plaintiffs direct their fourth cause of action, for a violation of civil rights, against the Commission itself, on the grounds that Robinson was not included "on the list of Native American Contacts for the Kern County despite being almost identically situated to the other 11 groups listed."  Am. Cmplt., Docket No. 71, ¶ 62.  The Plaintiffs allege that "[t]he 'input' from these other listed consultants has resulted in the potential destruction of numerous graves and other sacred sites that are of incalculable value both to Plaintiff Robinson and the Tribe."  Am. Cmplt., Docket No. 71, ¶ 63.  Their fourth cause of action is the only cause of action pled against Defendant Myers by the Plaintiffs in their Amended Complaint.

Although the Plaintiffs frame their prayer for relief as seeking relief from Defendant Myers, both aspects of the prayer actually seek to compel action by the Commission itself.  First, the Plaintiffs request that this Court "[o]rder NAHC to list Plaintiff Robinson as a Most Likely Descendant and Monitor so that he may participate in sacred site consultation with this and future projects." Am. Cmplt., Docket No. 71, ¶ 80.  Second, the Plaintiffs request that this Court "[o]rder NAHC to formalize procedural criteria in determining Most Likely Descendants" according to various criteria which are not incorporated in any way in the framework of the applicable statutes. Am. Cmplt., Docket No. 71, ¶ 81.

4

**B.     Additional Adjudicative Facts Subject to Judicial Notice.**

Because Defendant Myers' Motion asserts, in part, a factual challenge to the Court's subject matter jurisdiction, the Court has the discretion to look to materials outside of the Plaintiffs' Amended Complaint, including affidavits or other evidence that would properly be the subject of judicial notice by the Court. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Ev. 201(d).   Pursuant to the concurrently filed Request for Judicial Notice, Defendant Myers requests that the Court consider the follow facts which, although not pled in the Plaintiffs' Amended Complaint, are material to the Court's determination of Defendant Myers' factual sovereign immunity, standing and mootness challenges:

1. The Commission maintains a database of sacred sites, called the "Sacred Lands File."  This database includes sites in California on which Cultural Resources are known or believed to exist based on documentation submitted to the Commission or reports regarding archaeological discoveries.  Myers Aff., ¶ 1; Req. J.N., ¶ 1.

2. Where, as in the instant case, a "lead agency," for the purpose of complying with the requirements of the "CEQA," inquires with the Commission regarding Cultural Resources on a particular project property, the Commission conducts a search of the "Sacred Lands File" to determine whether any Cultural Resources are identified as being within a proposed project's scope of impact.  Myers Aff., ¶ 2; Req. J.N., ¶ 2.

3. Where, as here, no Cultural Resources are identified within the Sacred Lands File as being impacted by a proposed project, the Commission provides the "lead agency," in this case, the County of Kern, a list of contacts who may have more specific knowledge regarding Native American Cultural Resources in the geographic area of the proposed project.  This list is commonly-referred to as the

5

"Native American Contacts list" for the particular project in question. Because different projects impact different aboriginal territories and aboriginal territories usually do not conform to current political boundaries, such as county lines, a unique list is generated for each project submitted to the Commission. Myers Aff., ¶ 3; Req. J.N., ¶ 3.

4.  In early 2009, Mr. Robinson was removed from the database of contacts from which Native American Contacts lists are generated after the County of Kern notified the Commission that it was unable to contact the Plaintiffs at their address on file, and after the Commission tried and failed to contact Plaintiffs at the address they provided to the Commission. Myers Aff., ¶ 4; Req. J.N., ¶ 4, Exhibit "A".

5.  On August 1, 2009, David Laughinghorse Robinson was reinstated onto the database of contacts from which the Native American Contacts lists are generated, after the Commission became aware of the Plaintiffs' accurate contact information. Myers Aff., ¶ 5; Req. J.N., ¶ 5, Exhibit "B".

6.  The Commission provided an updated Native American Contacts list pertinent to the project, which included the Plaintiffs, to the County on February 1, 2010. Myers Aff., ¶ 6; Req. J.N., ¶ 6, Exhibit "C".

7.  Larry Myers retired from his position as the Executive Secretary of the Commission on December 1, 2009, and has served as a manager for the Commission since that date. The Governor of the State of California has not appointed a new or interim Executive Secretary, and the position is currently vacant. Myers Aff., ¶ 7; Req. J.N., ¶ 7, Exhibit "D".

## SUMMARY OF ARGUMENT

This Court lacks subject matter jurisdiction over the entirety of the Plaintiffs' Amended Complaint as to Defendant Myers because it is both facially and factually deficient pursuant to the doctrine of sovereign immunity. Plaintiffs' Amended Complaint fails a facial sovereign immunity challenge because the Plaintiffs have not and cannot allege that the Commission's

6

Executive Secretary has the authority necessary to be the subject of the lawsuit. Plaintiffs' Amended Complaint further fails Myers' factual sovereign immunity challenge because, even if the Commission's Executive Secretary had the authority to be the subject of this lawsuit, Myers is, in fact, not the Executive Secretary, and that position is currently vacant. The Plaintiffs also lack standing to sue Defendant Myers due to their failure to plead facts that are justiciable by this Court. In light of the foregoing, the Plaintiffs' Amended Complaint should be dismissed as to Defendant Myers in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1).

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(1) can be either 'factual' or 'facial.'" *Organization for Adv. of Minorities with Disabilities v. The Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005), *citing Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction ... [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005), *citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc., v. United States.*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). In a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891, *see, e.g. Wetmore v. Rymer*, 169 U.S. 115 (1898). In fact, in defending against a factual attack, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id*.

## ARGUMENT

**A. This Court Lacks Subject Matter Jurisdiction Over the Entirety of the Plaintiffs' Amended Complaint Because it is Both Facially and Factually Deficient Pursuant to the Doctrine of Sovereign Immunity.**

Under the Eleventh Amendment to the United States Constitution, a state is immune from suit brought in federal court by its own citizens or citizens of other states. *Papasan v. Allain,* 478

7

1  U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984);
2  U.S. Const. amend. XI.  A litigant can, in appropriate circumstances, obtain prospective relief
3  against a state officer under the legal fiction that the suit is directed against the individual, and not
4  against the state itself. *Ex Parte Young*, 209 U.S. 123 (1908).  In *Young*, the Court permitted an
5  action to be pursued in federal court against the Attorney General of Minnesota to enjoin him
6  from enforcing a state statute claimed to be unconstitutional. *Id.,* at 158-160.  The Court held
7  that, when a party seeks only prospective equitable relief against state officers in their official
8  capacities, the Eleventh Amendment generally does not bar the exercise of the judicial power of
9  the United States. *Id.*; *see also Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d
10 1241, 1246 (9th Cir. 1999).

**1.     The Plaintiffs' Amended Complaint fails a facial sovereign immunity challenge because they have not, and as a matter of law, cannot, allege that Myers has the authority necessary to be subject to this suit.**

13  Although Myers is named as a defendant in his purported official capacity as the
14 "Executive Secretary" of the Commission, all of the Plaintiffs' specific allegations are made
15 against the Commission itself, rather than Myers.  Am. Cmplt., Docket No. 71, ¶ 6  The Plaintiffs
16 immediately undermine their attempt to plead within the *Young* exception by stating at the outset
17 that "[t]he allegations in this controversy directly relate to the actions of the NAHC and therefore
18 *they should properly be joined*." Am. Cmplt., Docket No. 71, ¶ 6 (emphasis added).
19  The Plaintiffs proceed to state their entire fourth claim for relief "AS TO THE NATIVE
20 AMERICAN HERITAGE COMMISSION."  Am. Cmplt., Docket No. 71, ln. 15 (capitalization
21 in original).  While Myers' name is not mentioned anywhere in the fourth claim for relief, the
22 Plaintiffs do allege that "*NAHC* violated Plaintiff Robinson's civil rights by not including him on
23 the list of Native American Contacts for the Kern County." Am. Cmplt., Docket No. 71, ¶ 62
24 (capitalization in original, emphasis added).  Although purporting to seek relief "with respect to
25 DEFENDANT LARRY MYERS," the Plaintiffs' prayer for relief actually seeks to compel
26 "*NAHC*" to engage in two specific actions:  first, to add Plaintiff Robinson to a list on which he is
27 already included; and second, "to formalize procedural criteria in determining Most Likely
28 Descendants." Am. Cmplt., Docket No. 71, ¶ 80-81 (capitalization in original, emphasis added).

8

In other words, the Plaintiffs are seeking to have this Court order the Commission to promulgate regulations to implement a state statutory scheme.

In order to assert a claim that might survive Eleventh Amendment scrutiny by fitting within the *Young* exception, the Plaintiffs must name an appropriate individual: "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Confederated Tribes & Bands of the Yakama Indian Nation v. Locke ("Yakama")*, 176 F.3d 467, 469 (9th Cir. 1999), *quoting Young,* 209 U.S. at 157.

In *Yakama*, the Plaintiff tribe claimed infringement on tribal rights due to the presence of lottery sales outlets within the tribal reservation and named the governor of the state of Washington as the defendant in an effort to fall within the *Young* fiction. 176 F.3d at 468. The Court found that, although pled against an individual, the complaint failed to allege that the governor was vested with the authority to carry out the relief sought in the complaint, and in fact, he was not. *Id.* at 468-69. As explained by the *Yakama* Court, *Young* only "permits actions to be brought . . . against state officers who are acting in violation of federal law" where the complaint alleges that the individual sued "is charged with" responsibility for the action that forms the subject matter of the claimed violation. *Id.* at 469-70 & n.7 (stating that 42 U.S.C. §1983 "similarly imposes liability only upon a defendant who participates individually in the activity that allegedly violates federal law.").

Here, the Plaintiffs fail to plead that the named individual, Larry Myers, engaged in any aspect of the action giving rise to the complaint and fail to plead that he actually has the authority to grant the requested relief. Therefore, on the face of their pleadings, they fail the *Young* test.

In fact, as a matter of law, the Commission's Executive Secretary is not the appropriate defendant for Plaintiffs' second prayer for relief, which seeks to have this Court order the Commission to engage in a rulemaking process, because the Commission's Executive Secretary lacks the authority to engage in such actions. California law reserves for the nine-member Commission the powers and duties of enforcing the statutory scheme at issue in this case. *See*

Cal. Pub. Res. Code §§ 5097.92, 5097.94. Regulations of the type that the Plaintiffs seek to have this Court order the Commission to promulgate can only take place through an elaborate rulemaking process overseen by the Commissioners themselves. *See* Cal. Gov't Code § 11346.2, *et seq*.

Moreover, rulemaking or the promulgation of regulations such as the ones implicated by the Plaintiffs' second prayer for relief falls within the scope of authority which the California Attorney General previously found to be non-delegable to the Executive Secretary in an official Opinion directly regarding the Commission. *See In Re Native Am. Heritage Comm'n*, Op. No. 07-103, 07 Cal. Daily Op. Serv. 12977, 2007 D.J. D.A.R. 16738, 2007 WL 3324689 (November 6, 2007); *see ARC Students for Liberty Campaign v. Los Rios Cmty. Coll.*, No. CIV. S-09-2446 LKK/GGH, 2010 WL 3186766, at *4 (E.D. Cal. August 11, 2010) ("Under California law, the Attorney General's opinions are not binding, yet are 'entitled to great weight and, in the absence of contrary controlling authority, persuasive.'"), *quoting City of Irvine v. Southern Cal. Ass'n of Gov'ts*, 175 Cal.App.4th 506, 521 (Cal.Ct.App.2009); *see also, Prescott v. U.S.*, 731 F.2d 1388, 1393 (1984 )("Although [state] Attorney General opinions are not binding, they are entitled to great weight.").

Therefore, any authority to engage in the rulemaking process that the Plaintiffs seek as a remedy in this case, even if it were appropriate for this Court to compel such a remedy, is vested solely and exclusively with the Commission itself, not any employee, clerical staff member, or even the Executive Secretary.

Because the Plaintiffs fail to allege any wrongdoing by Defendant Myers, and because the Executive Secretary would not have the authority to grant the relief sought, the Plaintiffs' Amended Complaint fails a facial sovereign immunity review and should be dismissed in its entirety, as to Defendant Myers.

**2.  Plaintiffs' Amended Complaint fails Myers' factual sovereign immunity challenge because Myers is, in fact, not the proper defendant.**

A Rule 12(b)(1) motion asserting a factual challenge to the Court's subject matter jurisdiction may "rely on affidavits or any other evidence properly before the court." *St. Clair v.*

1  *City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  It is clear that the Court "does not abuse its
2  discretion by looking to this extra-pleading material in deciding the issue, even if it becomes
3  necessary to resolve factual disputes." *Id.*, s*ee also Thornhill Publishing Co. v. General Tel. &*
4  *Elec. Corp*., 594 F.2d 730, 733 (9th Cir. 1979).

5     As discussed above, the Plaintiffs have asserted that Defendant Myers is the "Executive
6  Secretary" of the Commission, and purport to seek relief from the Commission through Myers as
7  an "official capacity" defendant.  In fact, Mr. Myers is not the Executive Secretary; he retired
8  from this position on December 1, 2009, well before the Plaintiffs filed their Amended Complaint
9  on August 15, 2010.  Myers Aff., ¶ 7, Req. J.N., ¶ 7, Exhibit "D".  Since retiring, Mr. Myers has
10 served as a manager with the Commission.  *Id*.  The Governor of the State of California has not
11 appointed a new or interim Executive Secretary, and the position is currently vacant.  *Id*.

12    If a defendant establishes a dispositive facual issue on a motion to dismiss through judicial
13 notice, it "becomes necessary for the party opposing the motion to present affidavits or any other
14 evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject
15 matter jurisdiction."  *St. Clair*, 880 F.2d at 201.  A suit should be dismissed where "the extra-
16 pleading material demonstrates that the controlling questions of fact are undisputed [and]
17 additional discovery would be useless."  *Id*., at 202.  Because Defendant Myers establishes,
18 though his affidavit and the documents attached thereto, that he is not the Executive Secretary and
19 that that position is currently vacant, the Plaintiffs must either present contrary evidence in
20 opposition to the instant Motion, or the Motion should be granted without leave to amend.

21    **B.    The Plaintiffs' Allegations are Non-Justiciable and Should be Dismissed
              Pursuant to Federal Rule of Civil Procedure 12(b)(1).**
22
23    In order for a plaintiff's claim to present a justiciable "case or controversy," a plaintiff
24 "must have standing to bring the claim, and the claim must not be moot." *ACLU v. Lomax*, 471
25 F.3d 1010, 1015 (9th Cir. 2006).  In order to establish that a claim is justiciable, "a plaintiff must
26 show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or
27 imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged
28 action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will

be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). It is the plaintiff's burden to establish these elements in order to invoke federal jursidiction. *Id., citing FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

The Plaintiffs were actually included on the Native American Contacts list pertinent to the project prior to filing suit. Therefore, their prayer for injunctive relief in the form of being included on the list is moot, fails to present an injury-in-fact, and is non-justiciable. Additionally, because the Plaintiffs' alleged injury from being excluded from the list is hypothetical, unrelated to the actions they attribute to Defendant Myers, and not likely to be redressed by the Plaintiffs' desired relief, their claims are non-justiciable.

### 1. Plaintiffs have not suffered any injury-in-fact because they were actually included on the Native American Contacts List pertinent to the project at the time they filed suit against Myers.

A factual assertion that a claim is moot is adjudicated pursuant to Rule 12(b)(1) in the same manner as a factual sovereign immunity challenge, such that the Court "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

The Plaintiffs claim they were not "contacted by the County for consultation on the project's potential impact on sacred, archeological, and historical sites" as a result of being left off the list of Native American Contacts provided to the County by the Commission. Am. Cmplt., Docket No. 71, ¶ 32. However, facts that are subject to Judicial Notice and detailed above establish that this claim fails to present any injury-in-fact. Plaintiff Robinson was reinstated onto the database of contacts from which the Native American Contacts lists are generated on August 1, 2009 and the Commission provided the County an amended list that included the Plaintiffs on February 1, 2010, well before the filing of the Plaintiffs' Amended Complaint, which initially named Myers. Myers Aff., ¶¶ 4-6; Req. J.N., ¶¶ 4-6, Exhibits "A," "B," and "C." Further, the Plaintiffs concede in their Amended Complaint that they actually were "timely" and actively involved in the public comments process for the project. Am. Cmplt., Docket No. 71, ¶ 36. Therefore, the Plaintiffs' claims against Defendant Myers relating to having been off the list are moot and Plaintiffs fail to allege any injury-in-fact.

12

### 2. Plaintiffs' claimed injuries are not traceable to their claim of being excluded from the Native American Contacts List.

In order to gain standing, Plaintiffs must not only allege actual injury, which they have failed to do, but also that the alleged injury could be attributable to Defendant Myers. *See Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979). The Plaintiffs' Amended Complaint fails to establish a causal link between being excluded from the Native American Contacts List pertinent to the project and the potential or actual destruction of sacred sites they allege. In order to be justiciable, the alleged injury must be "fairly traceable to the challenged action of the defendant." *Lujan*, 504 U.S. at 560-61. Federal jurisdiction can be established "only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976).

In the instant matter, the Plaintiffs' pleadings cannot be read to allege a reasonable nexus between the potential future destruction and their exclusion from the Native American Contacts List for the project. Critically, the Plaintiffs admit that, even after being excluded from the Native American Contacts List, they had extensive input in the public comment phase of the project proposal. Am. Cmplt., Docket No. 71, ¶ 36. All of the injurious actions alleged by the Plaintiffs to have led to their claimed injury relate not to Defendant Myers or even the Commission, but rather, to the County, the Real Party in Interest, and to an entity called "Tejon Indian Tribe." Am. Cmplt., Docket No. 71, ¶ 35-39. Even in the Plaintiffs' direct allegations against Defendant Myers, the Plaintiffs concede that the claimed "potential destruction" has "resulted" not from the actions of Myers, but from "[t]he 'input' from [] other listed consultants." Am. Cmplt., Docket No. 71, ¶ 63. In light of these allegations, including the Plaintiffs' concession that they in fact provided input for the project, the Plaintiffs fail to sufficiently plead that the claimed potential destruction of Cultural Resources at the project site is traceable to having been excluded from the Native American Contacts list.

///

///

13

**3.     Plaintiffs have failed to allege facts sufficient to support a claim that there is a significant possibility of future harm that will be redressed by their sought-after procedural remedy.**

In addition to the deficiencies in the Plaintiffs' factual allegations, their sought-after prospective relief regarding the Commission's procedures will not redress the injury they allege to have suffered.  Specifically, the only remedy the Plaintiffs seek in addition to being placed on the Native American Contact List, which has already occurred as explained *supra*, is an order that the Commission "formalize procedural criteria in determining Most Likely Descendants" according to various criteria suggested by the Plaintiffs. Am. Cmplt., Docket No. 71, ¶ 81.  The alleged destruction of Cultural Resources on the project site will not be redressed by the future implementation of the procedural criteria that the Plaintiffs seek.  A modified process to generate Native American Contact Lists would only be applicable to future projects for which the Commission might provide such a list, not the project being developed by the Real-Party-In-Interest. *See* Myers Aff., ¶ 3; Req. J.N., ¶ 3.

The question presented in the final analysis of the elements for standing is "whether, assuming justiciability of the claim, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." *Simon*, 426 U.S. at 38.  The issue of redressability goes to whether the requested relief will arrest the injury that the Plaintiff claims to be taking place. *See Lujan*, 504 U.S. at 571.  Where, as here, a plaintiff is seeking "declaratory and injunctive relief only," the plaintiff must also "show a very significant possibility of future harm; it is insufficient for [a plaintiff] to demonstrate only a past injury." *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir. 1996), *citing Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir. 1995).  Dismissal based on lack of redressability is appropriate where the plaintiff's sought-after remedies "rely on little more than the remote possibility, unsubstantiated by allegations of fact, that their situation might have been better had respondents acted otherwise, and might improve were the court to afford relief." *Warth v. Seldin*, 422 U.S. 490, 507 (1975)

Plaintiffs' Amended Complaint, however, is devoid of allegations that their alleged plight "might improve were the court to afford relief" in the form of the rulemaking requested. *Id.* Plaintiffs fail to allege facts that would substantiate a claim that there is a significant possibility

14

that they would be excluded from future Native American Contacts Lists, or that such exclusion would cause them to suffer any cognizable injury. The Supreme Court has made clear that "unadorned speculation will not suffice to invoke the federal judicial power." *Simon*, 426 U.S. at 44. Because the Plaintiffs' Amended Complaint fails to properly plead any aspect of the requirements for standing or justiciability in federal court, all of the Plaintiffs' allegations against Defendant Myers should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Larry Myers respectfully requests that the Court dismiss the Plaintiffs' Amended Complaint because this Court lacks subject matter jurisdiction over the Plaintiffs' claims against Defendant Myers.

Dated:  December 17, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
ANGELA SIERRA
Supervising Deputy Attorney General


_____/s/_____
MICHAEL L. NEWMAN
Deputy Attorney General
*Attorneys for Defendant, Larry Myers*

LA2010600672
60580867.doc