UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWAIISU TRIBE OF TEJON and DAVID LAUGHING HORSE ROBINSON, Chairman, Kawaiisu Tribe of Tejon,<br><br>        Plaintiffs,<br><br>             v.<br><br>KEN SALAZAR, in his official capacity as Secretary of the United States Department of the Interior, et al.,<br><br>        Defendants. | 1:09-cv-01977 OWW SMS<br><br>ORDER GRANTING PLAINTIFFS' LEAVE TO FILE A SUR-REPLY RE ARGUMENTS RAISED FOR THE FIRST TIME IN TEJON DEFENDANTS' REPLY (DOC. 176). |

### I. INTRODUCTION

Plaintiffs, the Kawaiisu Tribe of Tejon ("Kawaiisu"), a non-federally recognized Indian group, and David Laughing Horse Robinson ("Robinson"), who claims to be the Kawaiisu Chairman, (collectively, "Plaintiffs"), challenge Kern County's authorization of a large construction project ("Project") on private property

1

owned by Tejon Mountain Village LLC and Tejon Ranch Corporation ("Tejon").  Second Amended Complaint ("SAC"), Doc. 133.  The SAC asserts a common law claim of unlawful possession, along with allegations of violation of the Indian Non-Intercourse Act, 25 U.S.C. § 177, trespass, and for an accounting.  *Id*. at ¶¶ 52-60.  It is also alleged that Tejon has violated the federal Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001, et seq.  *Id*. at ¶¶ 61-81.  Plaintiffs further assert a civil rights claim against Kern County under 18 U.S.C. § 1983, based upon an alleged underlying fifth amendment taking of property without just compensation.  *Id*. at ¶¶ 82-88.  Finally, Plaintiffs allege Kern County, and real parties in interest Tejon, violated the California Environmental Quality Act ("CEQA") and California Government Code § 65352.3.[1]  *Id*. at ¶¶ 89-113.  Plaintiffs also seek declaratory relief under 28 U.S.C. § 2201 against Ken Salazar, in his official capacity as the Secretary of the United States Department of the Interior, even though he is not named in any other substantive claim.  *Id*. at ¶¶ 114-17.

All defendants have moved to dismiss all claims.  Docs. 136, 137, 139 (all filed May 5, 2011).  Plaintiffs

---

[1] This provision requires consultation with California Native American Tribes before any city or county may amend its general plan.  Cal. Gov. Code § 65352.3.

2

filed oppositions, Docs. 155, 161, 163, along with objections to requests for judicial notice, Doc. 162. Defendants filed replies, Docs. 168, 170, 175, along with responses to the objections, Docs. 173, 169. Plaintiffs then filed a twenty-four page request to strike portions of Tejon's reply memorandum, arguing that it raised certain arguments for the first time in reply. It is not necessary examine the details of the arguments in question here, because Tejon admits that its reply contains new arguments and new information.  Doc. 181. Tejon maintains that the new arguments respond to: (1) material introduced by Plaintiffs for the first time in their opposition that raises questions about subject matter jurisdiction; and (2) new theories for a claim of title raised by Plaintiffs for the first time in their opposition.  *Id*.  Plaintiffs' uninvited reply in support of their request to strike disputes both grounds for consideration of the new material.  Doc. 185.

It is not possible to unravel the competing claims regarding the content and justification for these "new" arguments without engaging in a full-scale examination of the merits of Plaintiffs claims.  It does not serve the interest of judicial efficiency to do so to resolve this motion to strike.  Rather, in the interest of fairness

3

and to ensure that all issues are fully briefed for decision, Plaintiffs' alternative request to file a sur-reply is GRANTED.  That brief shall be no longer than 12 pages in length and shall be filed on or before September 30, 2011.  Upon the filing of that sur-reply, all motions to dismiss and related objections shall be ready for decision.

Due to the pending retirement of the assigned district judge, the parties will shortly receive notice of reassignment of this case.  That notice shall not alter the deadline for the filing of the sur-reply.  The remaining pending motions will be decided under the framework set forth in the reassignment order.

SO ORDERED
September 13, 2011
                              /s/ Oliver W. Wanger
                         United States District Judge